IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CV-00714-RJC-DSC

| | | |
|---|---|---|
| SIRONA DENTAL, INC. | ) | |
| | ) | |
| v. | ) | <u>TEMPORARY RESTRAING ORDER</u> |
| | ) | |
| SMITHSON et al. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Temporary Restraining Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 3). After careful consideration of the record, the Court makes the following findings of fact and conclusions of law.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

For purposes of this Order, it clearly appears from the affidavits attached to the motion that Plaintiff, Sirona Dental, Inc., maintains several websites to promote its line of dental products and dental education seminars. (Doc. No. 3-3: Sworn Declaration of Christopher Law at 2). It also clearly appears that Defendant John Smithson, as a former employee of plaintiff, was responsible for registering 3DSummit.com, GetYour3dOn.com, and Sirona3DDrive.com, but registered them in his own name. (<u>Id.</u> at 3). After Defendant was terminated in September 2014, he has continued to exercise control over the websites. (<u>Id.</u> at 5-6). He is subject to an intellectual property and confidentiality agreement assigning ownership to Plaintiff of work

produced while employed by the company and prohibiting the disclosure of confidential material. (Doc. No. 3-13: Employee Patent and Secrecy Agreement at 1). Plaintiff has shown that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition because customers and potential customers are unable to obtain information and register for dental education events scheduled in early 2015 while Defendant controls company websites. (Doc. No. 3-3: Sworn Declaration of Christopher Law at 5-6).

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required. (Doc. No. 3: Memorandum at 14-15). Counsel intends to provide notice to the defendant, but immediate restoration of Sirona's websites is necessary to provide customers access to them and to limit Defendant's opportunity to disclose confidential company information.

There is little harm to Defendant in granting a temporary restraining order, which only requires him to cease controlling websites of a company by whom he is no longer employed. Finally, the public interest is furthered by the granting of a temporary restraining order. Customers and potential customers should have access to information about Sirona's products and seminars.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant John Smithson is hereby ordered to immediately take all steps reasonably necessary to relinquish to Sirona his control over 3DSummit.com, Sirona3DDrive.com, GetYour3dOn.com, and any other Sirona-related websites or domains under his control, such that Sirona can immediately resume control and operation of these websites and domains;

2. Defendant Smithson is hereby ordered not to further control, access, or alter 3DSummit.com, Sirona3DDrive.com, GetYour3dOn.com, or any other Sirona-related websites or domains under his control;

3. Defendant Smithson is hereby ordered not to publicly disclose Sirona's confidential and proprietary information, including but not limited to disclosure of such information by way of a publicly-filed pleading that includes allegations pertaining to Sirona. Such confidential information that is prohibited from public disclosure includes but is not limited to Sirona's confidential marketing and sales information; Sirona's accounting and financial information; information regarding Sirona's business processes; confidential information regarding Sirona's products; and information regarding the inventory levels of Sirona's exclusive distributor, Patterson Dental Supply, Inc. This Order shall not prevent Defendant from filing such information under seal in conjunction with court proceedings; and

4. This injunction shall expire upon the Court's ruling on Sirona's Motion for Preliminary Injunction, which is set for hearing on January 6, 2015, but in no event later than fourteen days from entry of this Order, unless extended for good cause shown, or if Defendant Smithson agrees to such an extension of the injunction.

This Temporary Restraining Order is entered on December 24, 2014, at 10:45 a.m. Plaintiff shall immediately serve defendants and their counsel with a copy of this Order.

Signed: December 24, 2014

Robert J. Conrad, Jr.
United States District Judge